## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## PIKEVILLE

**CIVIL ACTION NO. 04-366-DLB**

**DAVID D. DAMRON**                                                    **PLAINTIFF**


**vs.**                     **MEMORANDUM OPINION & ORDER**


**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, reverses and remands the Commissioner's decision as it is not supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits (DIB) on August 14, 2001. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on July 9, 2002, in Prestonsburg, Kentucky. On September 16, 2002, ALJ Charlie Andrus issued an unfavorable decision, finding that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for further review by letter dated October 4, 2004. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

Plaintiff, who was 46 years old at the time of the hearing, has an eleventh grade education and alleges an inability to work beginning on June 20, 2001 due to: back pain;

1

pain and numbness in his feet and legs; soreness and numbness in his arms; lack of grip strength; pain and stiffness in his neck; possible arthritis; poor vision; breathing problems; chest pain; high blood pressure; circulation problems in his feet, legs, and arms; digestive problems; difficulty controlling his bowels and urination; kidney problems; side effects from his medications; bad nerves; depression; anxiety; reading and writing problems; learning problems; memory problems; liver problems; chronic pain and muscle spasms; overweight; chronic fatigue; problems sleeping; and headaches.  At the hearing before the ALJ, Plaintiff testified that he injured his back while working in 2001, and that he believes his physical problems contributed to his mental problems.

Having exhausted his administrative remedies, Plaintiff filed the instant suit on October 25, 2004.  The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203

2

F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 17).  At Steps 2 and 3, the ALJ found that Plaintiff's chronic cervical and lumbosacral strain constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 18).  At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform light work.  (Tr. 20).  Specifically, the ALJ found that Plaintiff can lift/carry 20 pounds occasionally, 10 pounds frequently; occasionally climb ramps/stairs, stoop, kneel, crouch, crawl, and work overhead; and never climb ladders/ropes/scaffolds, or subject his back to vibration.  (Tr. 20).  Mentally, the ALJ found that Plaintiff is limited to simple, routine work, without significant public contact.  (Tr. 20).

Based upon these findings, the ALJ concluded that Plaintiff is unable to perform his

3

past relevant work as a truck driver. (Tr. 20). At Step 5, however, the ALJ found that there are a significant number of light and sedentary jobs that Plaintiff can perform, including assembler, hand packer, office clerk, security monitor, and machine tender. (Tr. 21). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.    Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ erred by failing to rate the degree of functional limitation resulting from his depressive disorder, in violation of 20 C.F.R. § 404.1520a(b)-(c). According to Plaintiff, once the ALJ determined that he suffered from a medically determinable mental impairment, he was required to apply the special procedure prescribed by the regulations. In response, the Commissioner acknowledges that the ALJ failed comply with the regulations, but argues that his "narrative analysis of Plaintiff's mental condition rendered the failure ... a harmless error," and that "no useful purpose would be served by remanding the case merely to have a PRTF ... completed to document the ALJ's finding on non-severity." (Doc. #14, p.4, 6). For the reasons that follow, the Court concludes that the ALJ's non-compliance with the regulations requires remand.

In addition to the 5-step sequential evaluation outlined more fully above, the SSA's regulations require an ALJ to follow a specified procedure when evaluating the severity of a claimant's mental impairments. *See* 20 C.F.R. § 404.1520a. Under the regulations, the ALJ must first evaluate a claimant's pertinent symptoms, signs, and laboratory findings to determine whether he has a medically determinable mental impairment(s). 20 C.F.R. §

4

404.1520a(b)(1).  If the ALJ determines that the claimant has a medically determinable mental impairment(s), he must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s), and document these findings in his written decision.  *Id*.  The second part of the regulation requires the ALJ to rate the degree of functional limitation resulting from the impairment(s) in four broad areas: 1) activities of daily living, 2) social functioning, 3) concentration, persistence, or pace, and 4) episodes of decompensation.  20 C.F.R. § 404.1520a(c)(3).  Only then can the ALJ make a determination regarding the severity of the alleged impairment(s).[1]  Finally, the regulations contain an unambiguous procedural requirement:

> At the administrative law judge hearing and Appeals Council levels, the written decision issued by the administrative law judge or Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(2).

In his application, Plaintiff alleged disability, in part, due to problems with his nerves, depression, and anxiety.  At Step 2 of the sequential evaluation, the ALJ noted:

> While the evidence shows the claimant has been prescribed Vistaril to take as need for "anxiety," Mr. Damron has reported only insomnia to his treating physicians, no examining or treating physician has reported objective findings in support of such a diagnosis, and the claimant's medication has not been altered since originally prescribed.   The state agency psychological

---

[1]If the ALJ rates the degree of limitation in the first three functional areas as "none" or "mild," and "none" in the fourth area, he will generally conclude that the claimant's impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities.  *See* 20 C.F.R. § 404.1521.

5

consultants opined the claimant does not have a medically determinable mental impairment.  Given the foregoing, the undersigned finds the claimant has a medically determinable, but non-severe depressive disorder.

(Tr. 18) (internal citations omitted).  Although the ALJ was free to disagree with the opinions of state agency psychologists, he was nevertheless required to comply with the regulatory framework.   Therefore, once he determined that Plaintiff suffered from a medically determinable mental impairment, the ALJ was required first, to specify the symptoms, signs, and laboratory findings that substantiated his conclusion in his written decision, and second, to rate the degree of functional limitation occasioned thereby.  The ALJ failed in both respects.

Contrary to the Commissioner's suggestion, the ALJ's failure does not constitute harmless error.  Rather, it casts doubt on his finding that Plaintiff's mental impairment is not severe.   Under these circumstances, the Court is unable to conclude that the ALJ's decision is supported by substantial evidence.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED,** with this action **REMANDED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #14) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #13) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered contemporaneously

6

herewith.

Dated this 15th day of March, 2006.



Signed By:

_David L. Bunning_   DB

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-04-366-DamronDavidMOO.wpd